On respondent's petition for reconsideration filed February 28, petition for reconsideration allowed; opinion (138 Or App 635, 910 P2d 414) modified and adhered to as modified April 17, 1000 Friends of Oregon's petition for review and LCDC's petition for review allowed October 8, 1996 (324 Or 305)

LANE COUNTY,
*Petitioner,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION,
*Respondent,*

*and*

1000 FRIENDS OF OREGON,
*Intervenor.*

(CA A83932)

914 P2d 1114

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie L. Striffler, Assistant Attorney General, for petition.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Respondent Land Conservation and Development Commission (LCDC) moves for reconsideration of our opinion in *Lane County v. LCDC*, 138 Or App 635, 910 P2d 414 (1996). We allow the motion, modify our opinion and adhere to it as modified.

Petitioner Lane County challenged the validity of certain administrative rules adopted by LCDC in 1994, governing uses that are authorized on agricultural lands, including lands designated as "high value farmland." Lane County asserted that the rules are invalid, because they either prohibit outright or impose conditions on uses statutorily allowed by ORS 215.213, which provides that certain local governments may allow enumerated "non-farm uses" in land zoned for exclusive farm use. Lane County's petition and its brief broadly asserted that "the 1994 rules" are invalid in their entirety. The county, however, identified only a limited number of specific provisions contained in OAR 660-33-120, OAR 660-33-130 and OAR 660-33-135 that it considered inconsistent with ORS 215.213. We drafted our opinion accordingly, addressing the validity only of those rules about which Lane County specifically argued; we did not, and do not, feel obligated to cull through a party's submissions and hazard a guess as to what matters it wants addressed other than those specifically set forth. We ultimately held that those rules are invalid, because they conflict with ORS 215.213. *Lane County*, 138 Or App at 644-45.

■ LCDC now asks for clarification of our holding in two particulars. First, LCDC notes that ORS 215.213 does not apply to all counties, only to those that had previously participated in the marginal lands designation process and had not opted to apply the new "lot of record" provisions of ORS 215.705 *et seq. See* ORS 215.316(2). LCDC contends that our opinion could be read to have invalidated the rules entirely, not just as to those counties to which ORS 215.213 applies.

We agree with LCDC. The rules are invalid only to the extent that they conflict with ORS 215.213. *Lane County*, 138 Or App at 644-45. That statute applies to only two counties. Our opinion, therefore, does not address or affect the

validity of the rules as they may apply to counties not subject to ORS 215.213.

Second, LCDC notes that, although the body of our opinion refers to specific portions of OAR 660-33-120, OAR 660-33-130 and OAR 660-33-135, the tag line of the opinion declares that OAR 660-33-120 and OAR 660-33-130 are invalid, without qualification. LCDC contends that the opinion could be read to have invalidated the two mentioned rules entirely, which would go beyond the scope of the opinion's holding. LCDC also notes that the tag line fails to mention the fate of OAR 660-33-135.

■ As to the specificity of the tag line, we are hampered by the fact that the manner in which the rules are published defies easy designation. OAR 660-33-120, for instance, is not framed as a simple rule with subsections that may be cited individually. It consists of a chart, describing what uses are permitted and under what conditions. Lacking any other way to clarify our decision, we specify the following rules to be invalid as to uses of high value farmland in counties that are subject to ORS 215.213: Those portions of OAR 660-33-120 related to "Parks/Public/Quasi-Public" uses: "[p]ublic or private schools, including all buildings essential to the operation of a school"; "[c]hurches and cemeteries in conjunction with churches"; "[p]rivate parks, playgrounds, hunting and fishing preserves and campgrounds"; "[g]olf courses"; "Utility/Solid Waste Disposal Facilities" uses: "[a] site for the disposal of solid waste that has been ordered to be established by the Environmental Quality Commission under ORS 459.049, together with the equipment, facilities or buildings necessary for its operation"; "[a] site for the disposal of solid waste approved by the governing body of a city or county or both and for which a permit has been granted under ORS 459.245 by the Department of Environmental Quality together with equipment, facilities or buildings necessary for its operation"; "Commercial" uses: "[d]og kennels"; "Residential" uses: "[d]welling[s] customarily provided in conjunction with farm use"; OAR 660-33-130(1); OAR 660-33-130(18); and OAR 660-33-135(7).

■ As to the fate of OAR 660-33-135(7), which defines "farm use" in terms of an income criterion, its absence from

the tag line was an oversight. As the body of the opinion makes clear, it conflicts with ORS 215.213(2)(b), which contains a different income criterion and, as to counties subject to ORS 215.213, is invalid to that extent. LCDC asks us to clarify that OAR 660-33-135(7) remains valid as against other portions of ORS 215.213 that refer to the term "farm use" without a specific—and conflicting—income criterion. As we understand the arguments, however, Lane County did not assert the invalidity of OAR 660-33-135(7) on any basis other than a conflict with ORS 215.213(2)(b). Accordingly, we decline to express any opinion regarding the validity of the rule as against other statutes.

Petition for reconsideration allowed; opinion modified to specify extent to which rules are invalid and adhered to as modified.