Argued and submitted June 26, reversed and remanded for reconsideration July 23, McKay Creek Valley Association's petition for review filed August 26 allowed by opinion October 23, 1997
See 326 Or 64, 947 P2d 206 (1997)
LCDC's petition for review filed September 24 allowed by opinion October 23, 1997
See 326 Or 66, 947 P2d 206 (1997)

## WASHINGTON COUNTY,
*Petitioner,*

*v.*

## LAND CONSERVATION AND DEVELOPMENT COMMISSION,
*Respondent,*

## McKAY CREEK VALLEY ASSOCIATION,
*Intervenor.*

(CA A91703 (Control))

## Bruce BERGEY,
*Petitioner,*

*v.*

## LAND CONSERVATION AND DEVELOPMENT COMMISSION,
*Respondent,*

## McKAY CREEK VALLEY ASSOCIATION,
*Intervenor.*

(CA A91734)
(Cases Consolidated)

942 P2d 846

Alan A. Rappleyea, Senior Assistant County Counsel, argued the cause for petitioner Washington County. With him on the brief was Dan R. Olsen, Washington County Counsel.

Robin A. Jones argued the cause for petitioner Bruce Bergey. With her on the brief was Lindsay, Hart, Neil & Weigler.

Stephanie Striffler, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

F. Blair Batson filed the briefs for intervenor.

Before Deits, Chief Judge, and Riggs and De Muniz, Judges.

DEITS, C. J.

**DEITS, C. J.**

Petitioners Washington County and Bergey seek review of LCDC's enforcement order relating to the county's processing of certain pending farm dwelling applications. In effect, the order requires the county to follow and apply the requirements of LCDC's high-value farmland rules, OAR 660-33-120 *et seq*, rather than county regulations that existed at the time of the enforcement proceeding and that are inconsistent with the LCDC rules. Both petitioners argue, and we agree, that under our decisions in *Lane County v. LCDC*, 138 Or App 635, 910 P2d 414, *on recons* 140 Or App 368, 914 P2d 1114, *rev allowed* 324 Or 305 (1996), and *Oregonians in Action v. LCDC*, 147 Or App 342, 936 P2d 372 (1997), various provisions of the high-value farmland rules that are pertinent here cannot be applied validly in Washington County. *But see Marquam Investment Corp. v. Multnomah County*, 147 Or App 368, 377-78, 936 P2d 990 (1997). Accordingly, we must reverse and remand the enforcement order to LCDC.

Petitioner Bergey argues further that the order is also erroneous insofar as it pertains to three dwelling applications of his which, he maintains, the county approved at some time that the record does not reveal but that predated LCDC's issuance of the enforcement order. However, because we have reversed and remanded the entire enforcement order, it is not necessary for us to resolve Bergey's alternative argument. Moreover, the record in this enforcement proceeding does not provide us with sufficient information to resolve Bergey's argument relating to the specific land use decisions.[1]

Reversed and remanded for reconsideration.

---

[1] In its brief to us, LCDC argues that the applications had not been *finally* approved at the relevant time. That is *among* the matters that the record does not enable us to answer definitively.